# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| CARLA INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. C 11cv108 EJM |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MERCY HOSPITAL, CEDAR RAPIDS, IOWA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's resisted Motion for Summary Judgment, filed November 21, 2012. Briefing concluded on January 7, 2013. Denied.

Plaintiff, a resident of Linn County, Iowa, initially filed this action in the Iowa District Court for Linn County, Iowa, on September 23, 2011, seeking damages from defendant Mercy Hospital, Cedar Rapids, Iowa, (Mercy), an Iowa corporation, for alleged violations of the Americans with Disabilities Act (ADA), 42 USC §12101 et seq., and the Iowa Civil Rights Act (ICRA), IC §216 et seq. On October 19, 2011, defendant removed the matter to this court pursuant to 28 USC §1441. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

Plaintiff was hired by Mercy as a Registered Nurse on January 31, 2008. She incurred injuries in August, 2010, requiring the avoidance of lifting, pulling, or bending. She was then given a job assignment consistent with her restrictions. On October 6, 2010, she was released to return to full duty. On October 20, 2010, her physician again

restricted her to light duty. On November 5, 2010, her physician reduced the restriction to a mix of regular and light duty. She urges that she was disabled in that she was substantially limited in engaging in one or more major life activities, including but not limited to lifting, pulling, and bending. Subsequently, her employment was terminated for reasons she asserts were false. She claims defendant failed to provide reasonable accommodation for her disability, to wit, failed to allow her to work in a manner consistent with her job restrictions, and terminated her employment in retaliation for her opposing discriminatory practices in violation of the ADA and the ICRA. She seeks back pay, front pay, prejudgment interest, damages for employment benefits, damages for emotional distress, punitive damages, attorney fees, costs, and expenses.

Defendant seeks summary judgment, asserting that (1) plaintiff's claims are barred due to her failure to exhaust administrative remedies, (2) plaintiff was not disabled within the meaning of the ADA or the ICRA, and (3) plaintiff cannot establish that her employment was terminated because of her disability. As to the latter point, defendant asserts plaintiff cannot establish a prima facie case of disability discrimination, that it had legitimate, nondiscriminatory reasons for terminating her employment, and that plaintiff cannot demonstrate the reasons for her termination were pretextual. Additionally, defendant asserts that it provided plaintiff with reasonable accommodation. Finally, defendant seeks summary judgment on plaintiff's retaliation claim.

On brief, plaintiff abandons the claim that her employment was terminated due to disability. Docket #17, p. 23.

Plaintiff claims disability discrimination under both the ADA and the ICRA. Disability claims under the ICRA are typically analyzed in accordance with the ADA, Kallail v. Alliant Energy Corporate Services, Inc., 691 F3d 925, 930 (8th Cir. 2012), and plaintiff raises no distinction between her claims. They shall be considered together under the framework of the ADA.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

Defendant first contends that plaintiff's claims are barred due to her failure to exhaust administrative remedies. In support, defendant asserts that while plaintiff filed a complaint with the Iowa Civil Rights Commission (ICRC) and the Equal Employment Opportunity Commission (EEOC) on March 21, 2011, plaintiff failed to respond to the ICRC questionnaire of March 24, 2011, requesting that she provide information

3

regarding her allegations. Instead, defendant asserts that plaintiff ignored the questionnaire, waited the required time period, requested and received a right-to-sue letter from the ICRC, and then filed this action on September 23, 2011. Citing Adair v. Broadlawns Medical Center, 102 FS2d 1092, 1094-1095 (SD IA 1999), defendant asserts that plaintiff's failure to respond to the ICRC questionnaire constitutes a failure to exhaust administrative remedies barring this action, notwithstanding the ICRC's issuance of a right-to-sue letter.

In resistance, plaintiff asserts that to exhaust administrative remedies, she must do no more than file a timely charge of discrimination with the ICRC and EEOC setting forth the facts and nature of the charge, and receive notice of the right to sue.

While defendant's position as to exhaustion is not wholly without merit, it appears that notwithstanding plaintiff's failure to complete and return the questionnaire, the agency timely reviewed and considered the matter. See Iowa Civil Rights Commission Screening Data Analysis and Case Determination, docket #17-1, pp. 139-151. In Adair, supra, the case was administratively closed expressly in part due to a claimant's failure to respond to the questionnaire. Id. at 1094. Here, unlike Adair, in its Screening Data Analysis and Case Determination, the agency did not rely upon or note plaintiff's failure to complete and return the questionnaire. Further, "[a]dministrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter." Faibisch v. University of Minnesota, 304 F3d 797, 803 (8th Cir. 2002). That two-step

process was completed here. Accordingly, administrative remedies have been exhausted.

> In order to obtain relief under the ADA, as amended in 2008, a plaintiff must show (1) she is a "qualified individual" under the ADA, (2) she suffered "discriminat[ion]" as the term is defined by the ADA, and (3) the "discriminat[ion]" was based on a "disability" as defined by the ADA. Id. Congress's 2008 amendments to the ADA did not fundamentally change the qualification requirement although they excised the term "with a disability" from the subsection defining "qualified individual." See §5(c)(1), 122 Stat. at 3557. To qualify under the post-amendment ADA, an individual must still be able to "perform the essential functions of the employment position" "with or without reasonable accommodation." 42 USC §12111(8). Neither did the 2008 amendments significantly alter the subsection defining "discriminat[ion]." See §5(a)(2), 122 Stat. at 3557. As before, "discriminat[ion]" under the ADA means an "adverse employment action." See, e.g., Benson v. Nw. Airlines, Inc., 63 F3d 1108, 1112 (8th Cir. 1995); see 42 USC §12112(b). The 2008 amendments did alter the ADA definition of "disability." See §4, 122 Stat. at 3555-56.

Brown v. City of Jacksonville, 711 F3d 883, 888-889 (8th Cir. 2013)(footnote omitted).

While defendant seeks summary judgment as to the issues of discrimination based upon disability, reasonable accommodation, and retaliation, upon review of the record in light of the appropriate standards, it is the court's view that there exist disputed issues of material fact as to whether plaintiff had a physical impairment, to wit, her back injury, that substantially limited one or more major life activities, including but not limited to bending, walking, lifting, sitting, and sleeping, without regard to the ameliorative effects of mitigating measures. 42 USC §12102(1), (2)(A), (4)(E)(i). Additionally, there exist disputed issues of material fact as to reasonable accommodation, including as to working assignments inconsistent with plaintiff's

working restrictions. Finally, while defendant asserts that plaintiff cannot demonstrate causality between her statutorily protected activity and the adverse employment action, it is the court's view that there exists a disputed issue of material fact precluding summary judgment.

It is therefore

ORDERED

Denied.

May 23, 2013.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT